**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY MARGARET HAHN,** | : | **Civil Action No.** |
| **916 Locust Street** | : | |
| **Reading, PA 19604** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **MAMA'S FAMOUS PIZZA & GRILL,** | : | |
| **LLC,** | : | |
| **1146 Rockland Street** | : | |
| **Reading, PA 19604** | : | |
| | : | |
| **842 Lancaster Avenue** | : | |
| **Reading, PA 19607** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Mary Margaret Hahn (hereinafter "Plaintiff"), by and through her attorney, Koller

Law, LLC, bring this civil matter against Mama's Famous Pizza & Grill, LLC (hereinafter

"Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA") and the

Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual with a mailing address at the above captioned address.

3. Upon information and belief, Mama's Famous Pizza & Grill, LLC is a chain of pizza restaurants with a location at 1146 Rockland Street, Reading, PA 19604 and corporate headquarters located at 842 Lancaster Avenue, Reading, PA 19607.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADEA and the PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination against Defendant.

14. The Complaint was assigned a Charge Number of 533-2022-01432 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated September 29, 2022. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born on March 11, 1963.

21. On October 16, 2021, Plaintiff was interviewed by Jorge Flores (early 30's), General Manager, for the position of Counter Help.

22. At the conclusion of her interview, Mr. Flores informed Plaintiff that she was hired for the Counter Help position.

23. Plaintiff was scheduled to begin her training on October 18, 2021.

24. On October 18, 2021, Plaintiff reported to Defendant as scheduled to begin her training.

25. However, shortly afterwards, Charlene Spohn (20's), Manager, instructed Plaintiff to go home and to report back to Defendant on October 20, 2021.

26. The stated reason was that another employee was scheduled to work that day.

27. Ms. Spohn stated multiple times that Plaintiff was not being sent home because of her performance.

28. On October 20, 2021, Plaintiff was preparing to leave to go to Defendant when she found a voicemail from Mr. Flores informing Plaintiff that Defendant had filled the two (2) available positions and that she was terminated as a result.

29. Plaintiff proceeded to call Mr. Flores and inquire about her termination.

30. Mr. Flores informed Plaintiff that the Owner observed her working and did not think that she was a "good fit".

31. Jorge refused to provide Plaintiff with a termination letter.

32. The two (2) position were filled by two (2) women who are both in their late teens/early 20's.

4

33. In addition, the average age of the employees at Defendant are in their 20's.  Plaintiff was the oldest employee.

34. It is Plaintiff's position that she was discriminated against due to her age in violation of the ADEA and the PHRA.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

35. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

36. Plaintiff was born on March 11, 1963.

37. Plaintiff was qualified to perform the job.

38. Defendant treated younger employees more favorably than Plaintiff.

39. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

40. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

41. Defendant terminated Plaintiff.

42. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

    **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

43. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

44. Plaintiff was born on March 11, 1963.

45. Plaintiff was qualified to perform the job.

46. Defendant treated younger employees more favorably than Plaintiff.

47. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

48. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

49. Defendant terminated Plaintiff.

50. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Mary Margaret Hahn, requests that the Court grant her the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment

6

practices which discriminate in violation of the ADEA and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding,

nor at the present time is any other action or arbitration proceeding contemplated.


RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC


Date: December 28, 2022          By:   */s/ David M. Koller*
                                        David M. Koller, Esquire (90119)
                                        Jordan D. Santo, Esquire (320573)
                                        2043 Locust Street, Suite 1B
                                        Philadelphia, PA 19103
                                        215-545-8917
                                        davidk@kollerlawfirm.com
                                        jordans@kollerlawfirm.com

                                        *Counsel for Plaintiff*